UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHANNON A. BONDOC,

   *Plaintiff*,

  v.

JAMES BLAKE, JR.,

   *Defendant*.

Civil Action No. 25-1416 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

  Shannon A. Bondoc brought this lawsuit against James Blake, Jr. alleging a long list of civil and criminal infractions. Ms. Bondoc and Mr. Blake share a child. According to Ms. Bondoc, she had primary custody of the child until 2012, when a court unlawfully transferred custody to Mr. Blake. In this action, Ms. Bondoc asks the Court to, among other things, declare a "$34,046 child support judgment void and unenforceable"; declare "prior custody orders . . . voidable"; "[s]tay related proceedings in state courts in Charles County, Prince George's County, and Loudon County[, Maryland]"; and order a change of child "custody or, at minimum, reestablish federal visitation protections pending final relief." Am. Compl. at 10, ECF No. 7. Mr. Blake moves to dismiss this action for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot., ECF No. 12. Both Parties are proceeding pro se, and Mr. Blake's motion is fully briefed and ripe for review. Opp'n, ECF No. 15; Reply, ECF No. 16. The Court recognizes that Ms. Bondoc is frustrated with the outcome of certain child-custody and child-support proceedings. But because this Court cannot exercise jurisdiction over Ms. Bondoc's claims, the Court grants Mr. Blake's motion and dismisses this case under Rule 12(b)(1).

## LEGAL STANDARD

"When a defendant brings a Rule 12(b)(1) motion to dismiss, the plaintiff must demonstrate that the court indeed has subject-matter jurisdiction to hear his claims." *Hill v. U.S. Dep't of the Interior*, 699 F. Supp. 3d 1, 12 (D.D.C. 2023) (first citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); and then citing *U.S. Ecology, Inc. v. U.S. Dep't of the Interior*, 231 F.3d 20, 24 (D.C. Cir. 2000)). In reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), courts "construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005) (quoting *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004)). "[T]he pleadings of pro se parties are to be 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Tyson v. Brennan*, 277 F. Supp. 3d 28, 35 (D.D.C. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## DISCUSSION

Mr. Blake moves to dismiss this action, arguing that "[n]o jurisdictional basis exists for any federal claim touching family law" in this action. Mot. 1. Ms. Bondoc responds that federal jurisdiction exists because her claims are brought under various federal statutes. Opp'n 1–2 (citing, among others, civil rights statutes, 42 U.S.C. §§ 1983, 1985, the civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962, 1964, and the Indian Child Welfare Act, 25 U.S.C. § 1901 *et seq.*). The Court agrees with Mr. Blake that it has no jurisdiction over Ms. Bondoc's claims. Accordingly, it grants Mr. Blake's motion and dismisses this case.[1]

---

[1] Because the Court grants Mr. Blake's Motion to Dismiss for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), it need not reach his Motion to Dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6). The Court does not consider any new arguments raised in Mr. Blake's Reply. Accordingly, Ms. Bondoc's Motion to Strike, ECF No. 19, is denied as moot.

"[F]undamentally, federal courts have no business interfering with child-custody proceedings in state court." *Hickson v. Newell*, No. 24-cv-3576, 2025 WL 315144, at *1 (D.D.C. Jan. 28, 2025). Two abstention doctrines deprive the Court of jurisdiction to consider Ms. Bondoc's claims.

### A.   *Younger* Abstention

The *Younger* abstention doctrine prevents courts from exercising jurisdiction in certain cases related to ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 44–45 (1971). Under *Younger*, the Court declines to hear Ms. Bondoc's claims seeking to stay or interfere with ongoing Maryland family-court proceedings. *See* Am. Compl. at 10.

The Court applies a two-step analysis to determine whether the *Younger* doctrine applies. At the first step, it examines whether the state court litigation falls within one of three categories of cases: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) pending "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (quoting *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989)). "[C]hild-welfare litigation" is among the "state processes" covered by the doctrine. *Moore v. Sims*, 442 U.S. 415, 435 (1979). So "[c]hild custody proceedings fall into the third category and are a 'strong candidate for *Younger* abstention.'" *Nellom v. Ambrose*, No. 22-cv-1283, 2022 WL 4120265, at *1 (E.D. Pa. Sept. 9, 2022) (quoting *Smith v. Harrison*, No. 21-cv-5120, 2022 WL 445757, at *4 (E.D. Pa. Feb. 14, 2022)).

At the second step, courts consider three factors: (1) whether there is an ongoing state judicial proceeding; (2) whether the proceeding implicates important state interests; and (3) whether there is an adequate opportunity to raise federal issues in the state proceeding. *See*

3

*Hoai v. Sun Refin. & Mktg. Co.*, 866 F.2d 1515, 1518 (D.C. Cir. 1989) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, all three factors counsel in favor of abstention.

*First*, Mr. Blake identifies ongoing divorce and child custody proceedings in Charles County, Maryland. Reply 2; *see Lee vs. Blake,* No. C-08-FM-22-001200 (Md. Cir. Ct. Charles Cnty. filed Aug. 29, 2022). And Ms. Bondoc expressly asks the Court to "[s]tay related proceedings in state courts" in that county. Am. Compl. at 10.

*Second*, family law and child custody proceedings implicate important state interests. "Family relations are a traditional area of state concern." *Moore*, 442 U.S. at 435. And "custody arrangements implicate important state interests" for purposes of *Younger*. *Nellom*, 2022 WL 4120265, at *2. For this reason, the Supreme Court has applied *Younger* to proceedings involving the custody of children. *Moore*, 442 U.S. at 435. Courts in this District have done the same. *See, e.g.*, *Proctor v. Title 4-D*, 318 F. Supp. 3d 337, 346 (D.D.C. 2018); *Whitehead v. D.C. Child Support Servs. Div.*, 892 F. Supp. 2d 315, 318 (D.D.C. 2012); *Delaney v. District of Columbia*, 659 F. Supp. 2d 185, 194 (D.D.C. 2009).

*Third*, Ms. Bondoc does not allege that she lacks "an adequate opportunity to raise" any federal issues in the state proceedings. *Proctor*, 318 F. Supp. 3d at 346. "[A] federal court . . . assume[s] that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). And "state courts are more eminently suited to work on divorce, alimony, and child custody decrees than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over those subjects." *Proctor*, 318 F. Supp. 3d at 346 (internal quotation marks omitted) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992)).

All three factors point in the same direction. *Younger* prevents this Court from considering Ms. Bondoc's requests to stay or otherwise interfere with the ongoing state proceedings in Maryland. *See Delaney*, 659 F. Supp. 2d at 194 (noting this approach is consistent with jurisprudence in the Third, Sixth, and Ninth Circuits and collecting cases).

**B.    *Rooker–Feldman* Doctrine**

Another doctrine leads to the same result as to Ms. Bondoc's claims seeking review of judgments already entered by Maryland courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). The *Rooker–Feldman* doctrine applies to cases "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In those circumstances, courts must dismiss because they "lack jurisdiction to review judicial decisions by state . . . courts." *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996).

Here, Ms. Bondoc asks the Court to relieve her from state child support, child custody, and forfeiture orders entered by state courts in Maryland. Am. Compl. at 10. The *Rooker–Feldman* doctrine prevents this Court from reviewing those judgments. *See Beasley v. Becker*, No. 24-cv-2832, 2024 WL 5008723, at *1 (D.D.C. Nov. 27, 2024) (applying the doctrine to a case challenging a child custody order); *Glass v. U.S. Dep't of Health & Hum. Servs.*, No. 17-cv-428, 2017 WL 5479442, at *5 (D.D.C. Nov. 14, 2017) (dismissing challenge to child support orders under *Rooker–Feldman* doctrine).[2]

---

[2] The domestic relations exception to federal jurisdiction generally deprives federal courts of jurisdiction over "cases involving the issuance of a divorce, alimony, or child custody decree," *Ankenbrandt*, 504 U.S. at 704, or cases seeking to modify existing child support obligations or

## CONCLUSION

For these reasons, the Court grants the Defendant's Motion to Dismiss, ECF No. 12. A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date: January 30, 2026

---

custody determinations, *see Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (federal courts lack jurisdiction to "resolve parental conflicts over the custody of . . . children"). Courts in this District have applied the exception in cases like this one. *See Hickson*, 2025 WL 315144, at *1; *Beasley*, 2024 WL 5008723, at *1. Because the Court declines to exercise jurisdiction under *Younger* and *Rooker–Feldman*, it need not address whether the domestic relations exception also deprives it of jurisdiction.

6